UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:15-cr-00021-GFVT-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| KENNETH MICHAEL HATTON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 346.] Defendant Kenneth Michael Hatton is charged with violating the terms of his supervised release. In 2016 Judge Thapar sentenced Hatton to 130 months of imprisonment followed by eight years of supervised release after Hatton pled guilty to conspiracy to distribute 100 grams or more of a heroin mixture. *Id*. at 1.

Hatton was charged with six probation violations. He ultimately stipulated to one of the violations – Violation #5, a Grade B violation of the condition that prohibits commission of another federal, state, or local crime which Hatton committed by illegally possessing marijuana and methamphetamine – and the Government dismissed the rest. *Id.* at 1-5. On July 28, 2025, Hatton had his initial appearance before Judge Ingram. [R. 343.] On August 13, 2025, Hatton had his final hearing, again before Judge Ingram. [R. 344.] This matter was referred to Judge Ingram to prepare a Report and Recommendation.

Judge Ingram evaluated the entire record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommends a term of imprisonment of 18 months, followed by the remainder of his existing supervision period, set to expire August 15, 2031. [R. 348 at 12.] Pursuant to Rule

59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advised the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 12; *see* 28 U.S.C. § 636(b)(1).  Hatton filed a notice that he did not object to Judge Ingram's Report and Recommendation.  [R. 347.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.  Hatton has waived his right to allocution.  [R. 347.]

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 346]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Hatton is **ADJUDGED GUILTY** of Violation #5;

3. Violations #1,2,3,4, and 6 are **DISMISSED**;

4. Mr. Hatton's term of supervised release is **REVOKED**;

5. Mr. Hatton **SHALL** be incarcerated for 18 months, to followed by the continuation of the preexisting period of supervision expiring on August 15, 2031; and

6. Judgment shall enter promptly.

2

This the 21st day of August, 2025.

Gregory F. Van Tatenhove
United States District Judge